Commonwealth v. Baker.

COMMONWEALTH vs. ROBERT BAKER.

Hampden. October 7, 1983. — October 31, 1983.

Present: GRANT, KASS, & WARNER, JJ.

*Deriving Support from Child Prostitution. Statute, Construction. Public Welfare Offense.*

Knowledge that the prostitute in question is a minor is not required for conviction under G. L. c. 272, § 4B, for deriving support from the earnings of prostitution by a minor. [41-43]

INDICTMENT found and returned in the Superior Court Department on October 15, 1982.

The case was heard by *Porada*, J.

*Richard Zorza* for the defendant.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.

GRANT, J. The defendant has appealed from his conviction under G. L. c. 272, § 4B,[1] by a judge of the Superior Court sitting without jury. The only question which has been argued on appeal is whether the prosecution, in order to secure a conviction under that section, must offer evidence that the defendant knew or should have known that

---

[1] General Laws c. 272, § 4B, inserted by St. 1979, c. 676, reads as follows: "Whoever lives or derives support or maintenance, in whole or in part, from the earnings or proceeds of prostitution committed by a minor, knowing the same to be earnings or proceeds of prostitution, or shares in such earnings, proceeds or monies, shall be punished by imprisonment in the state prison for not less than five years and by a fine of five thousand dollars. The sentence imposed under this section shall not be reduced to less than five years, nor suspended, nor shall any person convicted under this section be eligible for probation, parole or furlough or receive any deduction from his sentence for good conduct or otherwise until he shall have served five years of such sentence. Prosecutions commenced under this section shall not be continued without a finding nor placed on file."

the prostitute in question was a minor. There was no such evidence below. The question was raised and preserved there by a motion under Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979), and by a request under Mass.R.Crim.P. 26, 378 Mass. 897 (1979), both of which were denied.

The defendant points to the severity of the maximum penalty which can be meted out under § 4B[2] and directs our attention to cases in which our appellate courts, acting either to avoid constitutional implications or out of solicitude for persons who may have acted from mistake or by accident, have read an element of scienter into various criminal statutes. See, e.g., *Commonwealth* v. *Murphy,* 342 Mass. 393, 396-397 (1961); *Commonwealth* v. *Buckley,* 354 Mass. 508, 509-513 (1968); *Commonwealth* v. *Jackson,* 369 Mass. 904, 916 (1976); *Commonwealth* v. *Wallace,* 14 Mass. App. Ct. 358, 363-365 (1982). For two reasons, those cases avail the defendant nothing. First, the defendant must be taken to have known that the provisions of G. L. c. 272, § 7, as appearing in St. 1980, c. 409,[3] made it a criminal offence for him to live off the earnings of any prostitute, regardless of her age. See and compare *Commonwealth* v. *Murphy,* 165 Mass. 66, 70 (1895). Second,

---

[2] As § 4B does not prescribe a maximum sentence, a defendant convicted thereunder may be given a life term (*Commonwealth* v. *Logan,* 367 Mass. 655, 657 [1975]), which is the maximum penalty expressly authorized for statutory rape. See G. L. c. 265, § 23, as appearing in St. 1974, c. 474, § 3, and set out in note 4, *infra.*

[3] "Whoever, knowing a person to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of his prostitution, from moneys loaned, advanced to or charged against him by any keeper or manager or inmate of a house or other place where prostitution is practiced or allowed, or shall share in such earnings, proceeds or moneys, shall be punished by imprisonment in the state prison for a period of five years and a fine of five thousand dollars.

"The sentence of imprisonment imposed under this section shall not be reduced to less than two years, nor suspended, nor shall any person convicted under this section be eligible for probation, parole, or furlough or receive any deduction from his sentence for good conduct or otherwise until he shall have served two years of such sentence. Prosecutions commenced under this section shall not be continued without a finding nor placed on file."

the Supreme Judicial Court has consistently treated sex offences against minors as a distinct category of public welfare offence in which there is no implied requirement that the prosecution offer evidence that a defendant knew or should have known the victim's age. See *Commonwealth* v. *Murphy,* 165 Mass. at 70, *Commonwealth* v. *Moore,* 359 Mass. 509, 514-515 (1971), and *Commonwealth* v. *Miller,* 385 Mass. 521, 522-525 (1982), all of which were decided under statutory rape provisions such as those now found in G. L. c. 265, § 23, as appearing in St. 1974, c. 474, § 3.[4]

It was in light of the holding in *Commonwealth* v. *Moore,* 359 Mass. at 514-515, that the 1979 Legislature took up the task of supplementing the provisions of G. L. c. 272, § 7, as in effect prior to St. 1980, c. 409, by providing additional safeguards against the victimization of minors. Specifically, the Legislature could safely assume that the courts would not read into the words "[w]hoever lives or derives support or maintenance . . . from the earnings or proceeds of prostitution committed by a minor" in § 4B any requirement that a defendant know or have reason to know the age of the prostitute in question. See *Commonwealth* v. *Miller,* 385 Mass. at 524. The 1979 Legislature could also assume that the courts would understand that it knew how to express a requirement of scienter if that were its intention. See, e.g., the degendering (compare *Commonwealth* v. *Gallant,* 373 Mass. 577, 583-584 [1977]) of G. L. c. 272, § 5, which was accomplished by the enactment of St. 1979, c. 305,[5] approximately four months prior to the enactment

---

[4] "Whoever unlawfully has sexual intercourse or unnatural sexual intercourse, and abuses a child under sixteen years of age shall, for the first offense, be punished by imprisonment in the state prison for life or for any term of years, or, except as otherwise provided, for any term in a jail or house of correction, and for the second or subsequent offense by imprisonment in the state prison for life or for any term of years, but not less than five years."

[5] "Whoever has unlawful sexual intercourse with a person who is feeble minded, an idiot or imbecile or insane, under circumstances which do not constitute rape, shall, if such person had reasonable cause to believe that such other person was feeble minded, an idiot or imbecile or insane, be punished as provided in" G. L. c. 272, § 3.

of G. L. c. 272, § 4B, and in which the Legislature expressly preserved the requirement of § 5 that a defendant have "reasonable cause to believe" that the person with whom he has unlawful sexual intercourse be "feeble minded, an idiot or imbecile or insane." Finally, we think it is not without significance that the clause "knowing the same to be the earnings or proceeds of prostitution" now found in G. L. c. 272, § 4B, did not appear in the bill originally introduced in the Legislature (1979 House Doc. No. 6753) but was inserted without any concomitant change in the introductory "[w]hoever" clause in the course of the bill's travels through the legislative branch. See 1979 House Journal at 3140.

We hold that the prosecution need not offer evidence that a defendant knew or should have known the age of the prostitute in question in order to secure a conviction under G. L. c. 272, § 4B, inserted by St. 1979, c. 676. Accordingly, the judgment on indictment No. 82-3058 is affirmed.

*So ordered.*