UNITED STATES of America, Appellee,

v.

Nector OFARRIL and Louis Rosa,
Defendants-Appellants.

Nos. 130, 161, Dockets 85–1168, 85–1195.

United States Court of Appeals,
Second Circuit.

Argued Sept. 10, 1985.

Nov. 6, 1985.*

Vivian Shevitz, New York City (Carl
Bernstein and Robert J. Boyle, of counsel),
for defendant-appellant Ofarril.

Gerald T. McMahon, New York City
(Dean E. Manis, of counsel), for defendant-
appellant Rosa.

the government.

* Originally decided by summary order; now filed
in opinion form in response to motion filed by

Franklin H. Stone, Asst. U.S. Atty., for the S.D. of N.Y. (Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., Warren Neil Eggleston, Asst. U.S. Atty., of counsel), for appellee.

Before KAUFMAN, MESKILL, and WINTER, Circuit Judges.

PER CURIAM.

■ We reject Ofarril's and Rosa's contention that the government should have been required to prove appellants knew they were within 1000 feet of a public school. 21 U.S.C. § 845a sets forth only two preconditions for enhanced criminal liability. First, a defendant must violate 21 U.S.C. § 841(a)(1) by knowingly "distributing a controlled substance," and second, he must do so "in or on, or within one thousand feet of, the real property comprising a public ... school." To construe the statute as appellants suggest would distort the statutory language and frustrate Congress's unambiguous desire to impose stringent penalties on those who distribute narcotics within 1000 feet of schools. *United States v. Falu,* 776 F.2d 46, 50–51 (2d Cir.1985).

■ Ofarril and Rosa also argue that the statutory distance should be measured by pedestrian route rather than by straight line. Such a tortuous reading would violate the plain meaning of the statute. Moreover, it would generate needless and time-consuming debate, and ultimately hamper the statute's enforcement. *See United States v. Matteo,* 718 F.2d 340 (2d Cir.1983); *SCM Corp. v. Xerox Corp.,* 76 F.R.D. 214 (D.Conn.1977).

■ Appellants claim Judge Metzner erred by admitting the "impermissibly suggestive" identification testimony of Officer Abromaitis. The district court, however, clearly acted within its discretion by denying the motion for a suppression hearing. *United States v. Archibald,* 734 F.2d 938 (2d Cir.1984). Officer Abromaitis viewed the appellants for several minutes during the drug purchase, her description was confirmed by arresting officer Fitzpatrick, and her post-arrest identification occurred shortly after the sale. Moreover, contrary to Ofarril's and Rosa's assertion, Officer Abromaitis's identification of appellants in a holding cell, rather than in a line-up, was not suggestive *per se. United States ex rel. Anderson v. Mancusi,* 413 F.2d 1012 (2d Cir.1969).

■ Ofarril and Rosa have not demonstrated that the district judge abused his discretion by limiting Officer Abromaitis's cross-examination. Judge Metzner properly curtailed confusing and repetitive questions. *United States v. Toner,* 728 F.2d 115 (2d Cir.1984). Moreover, the cross-examination in its entirety afforded the jury a firm basis upon which to evaluate the defense theory. *United States v. Carr,* 584 F.2d 612, (2d Cir.1978), *cert. denied,* 440 U.S. 935, 99 S.Ct. 1280, 59 L.Ed.2d 494 (1979). Defense counsel had ample opportunity to attack the prosecution's case on cross-examination and in their summations. This, together with the district court's charge on credibility and reasonable doubt, rendered a further charge on the dangers of eyewitness testimony unnecessary. *See United States v. Marchand,* 564 F.2d 983 (2d Cir.1977), *cert. denied,* 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 760 (1978).

We have considered Ofarril's and Rosa's other claims and find them to be without merit. Accordingly, the judgment of the district court is affirmed.