Cowin, J.
The defendant, Melvin Saunders, has been charged in two indictments with possession of a Class B controlled substance with intent to distribute and with unlawful distribution of a Class B controlled substance. A second count of each indictment alleges that each offense is a second offense under G.L.c. 94C, §32A(d).[1] The defendant moves to dismiss this second count of each indictment that charges him with a second offense. He argues that the second offender statute is unconstitutional because it is void for vagueness.
DISCUSSION
The statute at issue, G.L.c. 94C, §32A(d) provides in relevant part:
(d) Any person convicted of violating the provisions of subsection (c)[2] after one or more prior convictions of manufacturing, distributing, dispensing or possessing with the intent to manufacture, distribute or dispense a controlled substance, as defined in section thirty-one . . . shall be punished by a term of imprisonment in the state prison for not less than five nor more than fifteen years and a fine of not less than two thousand five hundred nor more than twenty-five thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.
(Emphasis supplied.)
Defendant claims that the statute is constitutionally deficient because it does not define the mandatory minimum term of imprisonment. By contrast, all the other sections of the drug statute which cany mandatory minimum sentences state “No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of . . .” See, for example, G.L.c. 94C §32A(b) and (c). It is only subsection (d) that omits the language defining what the mandatory minimum term is.
In keeping with due process principles, “(n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.” Commonwealth v. Chavis, 415 Mass. 703, 707 (1993). Thus, criminal statutes are construed strictly against the Commonwealth. Id. However, “(i]t is another elementary rule of statutory construction that a statute should not be read in such a way as to render its terms meaningless or superfluous." Bynes v. School Committee of Boston, 411 Mass. 264, 268 (1991).
Applying these rules, subsection (d) can be read to give effect to its terms without requiring speculation as to the penalty involved. The Legislature has obviously omitted language by mistake that it intended to include, i.e., the definition of the length of the mandatory minimum term. This oversight need not, however, render the entire subsection void. Rather, the omission can be cured by simply not applying the minimum mandatory language. The result is that a sentence of five to fifteen years may be imposed and a fine may also be imposed as an optional addition to the prison sentence.[3] There simply is no mandatory minimum term. This result construes the statute strictly against the Commonwealth, as it prevents the imposition of a minimum mandatory sentence. It also protects the rights of the defendant as nothing remains of the statute that did not clearly inform him that this penalty might be imposed.[4] Finally, this interpretation prevents rendering the entire statute meaningless.
This result appears to be inconsistent with two recent appellate cases which have assumed that the minimum mandatory term provided in subsection (d) is five years. See Commonwealth v. Alvarez, 413 Mass. 224, 235 (1992), and Commonwealth v. Bradley, 35 Mass.App.Ct. 525, 527 (1993). These decisions equate the traditional minimum-maximum sentence provision with the minimum mandatory sentence. That does not appear to have been the legislative intent. See, for example, paragraph (c), set forth in n. 2 supra This Court’s review of the briefs indicates that the appellate courts did not pass on this issue, as it was not raised. It is not necessary to reach the issue in this case, given this Court’s interpretation.
ORDER
For the foregoing reasons, the defendant’s motion to dismiss is DENIED.

 Conviction of a second offense increases the penalties.

 Subsection (c) provides the penalty for manufacturing, distributing, dispensing or possessing with intent to manufacture, distribute or dispense phencyclidine or a controlled substance in clause (4) of para, (a) or in clause (2) of par. (c) or class B of section thirty-one. Said penalty is imprisonment in state prison for not less than two and one-half nor more than ten years or imprisonment in a jail or house of correction for not less than one nor more than two and one-half years. Subsection (c) also contains the following language:
No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of one year and a fine of not less than one thousand nor more than ten thousand dollars may be imposed but not in lieu of the mandatory minimum one year term of imprisonment, as established herein.

 The imposition of a fine is clearly not an alternative to a prison sentence as the word “or" is not used.

 The only part of the statute that is ambiguous and that the Court has nullified by interpretation would provide a penalty greater than that which can be imposed under the remainder of the statute.