**UNITED STATES of America,**

v.

**Felix Manuel MARQUEZ, Defendant**
**No. 04CR1259VM.**

United States District Court,
S.D. New York.

April 27, 2005.

---

Virginia L. Chavez, New York City, for Plaintiff.

Steven M. Statsinger, New York City, for Defendant.

### *DECISION AND ORDER*

MARRERO, District Judge.

On February 28, 2005, Felix Manuel Marquez ("Marquez") filed a motion to suppress certain pieces of physical evidence and electronic telephonic recordings, and to compel the United States Attorney's Office (the "Government") to disclose the identity of its informants. Marquez's motion was accompanied by an affidavit signed by Marquez stating that he did not make an illegal lane change as alleged in the Government's Complaint (the "Com-

plaint"). The Government replied to Marquez's motions on March 21, 2005. The Government's submission was not accompanied by any affidavits. The Court orally informed the parties that a hearing would be held on Marquez's suppression motion on April 28, 2005.

By letter dated April 25, 2005, the Government moved the Court to reconsider its decision to hold a hearing on the motion ("Gov.Letter"). The Government argued that Marquez failed to dispute the facts contained in recorded conversations, which are described by the Government in its Memorandum of Law in Opposition to Marquez's motions ("Government's Memorandum of Law" or "Gov. Mem."), as well as in the Complaint, suggesting that the arresting officers had reasonable suspicion to stop Marquez because Marquez was engaged in a narcotics transaction. The Government stated that because there was no issue of fact as to this reasonable suspicion, the stop of Marquez's car and the search incident to that stop were legal, making irrelevant the issue of whether Marquez did or did not commit an illegal lane change. If the issue of the alleged lane change offense were not relevant to the disposition of the motion, no relevant facts would be in contention and a hearing would not be warranted. *See United States v. Viscioso,* 711 F.Supp. 740, 745 (S.D.N.Y.1989).

### I. STATEMENT OF FACTS

The Complaint against Marquez was sworn to by Special Agent John Shannon ("Shannon") before Magistrate Judge Kevin Nathaniel Fox and filed on November 3, 2004. The Complaint states that on November 1, 2004, Shannon and other agents observed Marquez speaking to two men at one location. (Compl.¶ 4.) Shannon and others then watched Marquez and another individual, Argelis Gil–Rodriguez ("Gil–Rodriguez"), drive away from that location. (*Id.* ¶ 5.) At a second location, Marquez

dropped off Gil–Rodriguez and drove away. (*Id.*) Later that day, Shannon observed Marquez return to the original location with Gil–Rodriguez and park the car. (*Id.* ¶ 6.) Marquez exited the vehicle, walked around the block "as if he were looking for someone," got back into the car, and drove off with Gil–Rodriguez still in the passenger seat. (*Id.*) Shannon attested that other agents then observed Marquez make an illegal lane change, as a result of which the agents performed a traffic stop. (*Id.* ¶ 7.) During a search incident to the traffic stop, one of the agents found in Gil–Rodriguez's pants a substance that field-tested positive for heroin. (*Id.* ¶¶ 7–8.)

The Government described in its Memorandum of Law additional evidence concerning the stop of Marquez. Allegedly, the two men with whom Marquez met on November 1, 2004 were in fact a cooperating witness and confidential informant of the Government. This meeting allegedly related to a drug transaction that was to occur later in the day, and was audio and video recorded. (Gov. Mem. at 3.) The Government also alleges that several consensually-recorded telephone calls, which occurred both prior to and after the meeting with Marquez, between the confidential informant and Marquez and the informant and law enforcement officers support the conclusion that the meeting and Marquez's subsequent return to the location related to a drug transaction. (Gov. Mem. at 3, 6.) The Court, however, has received no evidence concerning these recordings.[1]

The Government argues that the legality of the traffic stop, which is the only fact in contention based on Marquez's affidavit, is not relevant to the determination of whether the evidence identified by Marquez in his motion should be suppressed because the facts in the Complaint and as identified in the Government's Memorandum of Law "provide sufficient support for a lawful *Terry* stop." (Gov. Letter at 2.) The Government argues that the agents had reasonable suspicion, based on Marquez's behavior and the recorded conversations, to believe that Marquez had returned to the original location later in the day to consummate a drug transaction. This reasonable suspicion that criminal activity occurred or was about to occur, the Government argues, citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),[2] provided justification for the agents to stop Marquez's vehicle and perform a search. (*Id.*)

## II. DISCUSSION

■ As the Second Circuit stated in *United States v. Pena*:

On a motion to suppress on the ground of illegal arrest without a warrant the burden is on the Government to show that there was probable cause for the arrest.... Obviously, however, the moving party must make a preliminary showing as to the circumstances of the arrest sufficient to raise a question as to its legality. But the question of how far,

---

1. The Government alleges that it has turned over all of the recordings to Marquez. Marquez admits that he has received several recordings from the Government. (Memorandum of Law in Support of Defendant Felix Manuel Marquez's Pretrial Motions at 16.)

2. In *Terry*, the Supreme Court held that "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity

may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, ... he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him. Such a search is a reasonable search under the Fourth Amendment." 392 U.S. at 30–31, 88 S.Ct. 1868.

if at all, the moving defendant must go beyond showing that the arrest was without a warrant is not without its difficulties.... [A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.

961 F.2d 333, 338–39 (2d Cir.1992) (quotation marks, citations and original alterations omitted); *see also United States v. Kiyuyung*, 171 F.3d 78, 83 (2d Cir.1999) ("If the place or object subjected to the warrantless search is one in which the defendant had a reasonable expectation of privacy, the burden of showing that the search fell within one of the exceptions to the warrant requirement is on the government."). To sufficiently raise an issue of fact, the defendant, in moving for a suppression hearing, must include an affidavit of someone alleging personal knowledge of the relevant fact, and that fact must put the issue of the legality of the warrantless stop into contention. *See United States v. Gillette*, 383 F.2d 843, 848–49 (2d Cir. 1967).

■ The only basis for the warrantless stop on the evidence before the Court is Marquez's allegedly illegal lane change.

Marquez has raised a material fact in his affidavit as to whether he committed the lane change violation, thus raising a factual question as to the legality of the stop and the search incident to it. Based on this contested issue of fact, the Court reaffirms its earlier finding that a hearing is warranted.

■ The facts supporting the Government's contention that, independent of Marquez's alleged traffic offense, the agents had other reasonable suspicion for a *Terry* stop, and that therefore the legality of the traffic stop based on the lane change is not relevant, are not supported by any evidence on the record before the Court that it can consider. The Complaint alone does not allege sufficient facts for the Court to find that the stop of Marquez was otherwise justified under *Terry*. The facts justifying the *Terry* stop are based on unsworn statements made by the Assistant United States Attorney in the Government's Memorandum of Law concerning the substance of recordings that are not in evidence, and the Government failed to submit any supporting affidavit from persons with personal knowledge of the facts concerning the information on the recordings. These attorney allegations cannot provide the Court with a basis for making a finding of fact.[3] *See Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir.2003)

---

**3.** Although most cases on the issue of the sufficiency of an affidavit to support a factual dispute in a suppression motion concern the defendant's proffered affidavit, in many of these cases, the government submitted affidavits supporting the factual contentions in its memoranda. *See, e.g., Gillette*, 383 F.2d at 848–49 (finding that affidavit of defendant's attorney, who did not have personal knowledge of the facts attested to, did not raise a material issue of fact sufficient to justify a hearing, where the affidavit for the search warrant supported a finding of probable cause); *Viscioso*, 711 F.Supp. at 745 (denying defendant's motion for a suppression hearing because his affidavit did not present disputed factual issues, holding that the "required showing must be made by an affidavit of someone with personal knowledge of the underlying facts," and finding that the "complaint and the [affidavit of the police officer submitted by the government] indicate facts sufficient for an officer to believe reasonably under the circumstances that [the defendant] conspired to sell narcotics"); *United States v. Martinez*, 634 F.Supp. 1144, 1147 (S.D.N.Y. 1986) ("The court need not reach the merits of [defendant's] claim [that he was not given his *Miranda* rights], nor must the court conduct a hearing to resolve factual disputes, however, because these assertions are unsupported by an affidavit from anyone with per-

(stating that a memorandum of law "is not evidence at all").

Based on the evidence before the Court, Marquez has raised a question of fact as to the legality of the traffic stop which led to his arrest, and submitted an affidavit by a person with personal knowledge as to those facts. As a result, he has met his burden to justify the Court's holding of a hearing on this issue, a decision which ultimately is soundly within this Court's discretion. *See* Fed.R.Crim.P. 12(d); *United States v. Ofarril,* 779 F.2d 791, 792 (2d Cir.1985) (per curiam).

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of the United States to cancel the scheduled evidentiary hearing on the Motion to Suppress Evidence and to Compel Information of the defendant, Felix Manuel Marquez, is DENIED.

**SO ORDERED.**

sonal knowledge of the underlying facts.... Further, Detective Rocco Sanfilippo submitted a sworn affidavit stating that Miranda warnings were given. Martinez' motion to suppress the statements is therefore denied.'').