620 So.2d 1033 (1993)
Leonard Johnson STAMPS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00943.
District Court of Appeal of Florida, Second District.
May 28, 1993.
Order Denying Rehearing July 8, 1993.
Robert N. Toward, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carl R. Hayes, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Acting Chief Judge.
Defendant appeals his conviction and sentence for the purchase of cocaine within 1,000 feet of a school, in violation of section 893.13(1)(e), Florida Statutes (1991). We reverse.
Defendant, arguing that the trial court erred in denying his motion for judgment of acquittal, contends that the tract within 1,000 feet of which expert testimony of a surveyor showed defendant's purchase was made did not consist of "real property comprising a ... school" under section 893.13(1)(e). Defendant further contends that the tract was used only as an overflow parking lot and was separated from the school itself by a soccer field. We would affirm if the evidence would have permitted the jury to infer that defendant's cocaine purchase was made within 1,000 feet of the "boundaries" of the school, that is, within 1,000 feet of the school area consisting of contiguous tracts owned by the school, none of which were separated from one another by any intervening tract having a different owner. See Lyon v. State, 591 So.2d 1107 (Fla. 4th DCA 1992).
However, our review of the record establishes the lack of an evidentiary basis for such an inference. At best, the evidence merely shows that the purchase was made within 1,000 feet of a parking lot owned by the school. Under the rule of lenity applied to criminal statutes, section 775.021(1), it is not sufficient that the school "own" the property. Rather, the property must "comprise" the school. The two terms are not synonymous.
Thus, we reverse defendant's conviction under section 893.13(1)(e). Pursuant to section 924.34 we direct the trial court on remand to enter judgment for the lesser-included offense of purchase of cocaine.
In light of our disposition as to defendant's conviction, we need not address his remaining point on appeal concerning the mandatory minimum sentence he had received, *1034 as resentencing for the lesser-included offense is now required.
Reversed and remanded for proceedings consistent herewith.
PARKER, J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, specially concurring.
On July 24, 1991, the Lakeland Police Department assigned an undercover officer to sell cocaine at the Unitah Apartments. Those apartments are near a remote parking lot of the Lakeland Christian School. By early July, however, the school had finished its summer session. The officer sold cocaine to fourteen people that day. Leonard Stamps bought one twenty-dollar piece of cocaine from the police at 9:10 p.m.
At that time, Mr. Stamps was thirty-three years old. He had a wife and a four-year-old son. He had a good job as a drywall installer. He had no prior criminal record. If he had been charged with purchase of cocaine, the sentencing guidelines would have permitted no greater penalty than probation. Because he was arrested by the police and prosecuted by the state attorney under the school rule, he was sentenced to a three-year minimum mandatory term of imprisonment. See § 893.13(1)(e), Fla. Stat. (1991).
Prior to sentencing, the Department of Corrections conducted a presentence investigation. Mr. Stamps admitted that he needed help with a drug problem that developed in the year preceding this arrest. The probation officer who prepared the presentence investigation recognized the existence of the minimum mandatory sentence, but nevertheless recommended a term of probation with drug rehabilitation.[1]
In light of our decision, it is unfortunate that the trial court denied Mr. Stamps' motion for posttrial release pending appeal. He has now spent over a year in prison at considerable expense to the taxpayers. Undoubtedly his family has suffered a great financial and emotional burden. It would seem that the criminal justice system could have better spent its resources on drug rehabilitation.
This is not the first time that such a questionable sting operation has occurred in Polk County. See State v. Regan, 564 So.2d 1208 (Fla.2d DCA 1990). From my perspective, it is unfortunate that law enforcement in Polk County continues to use the school rule, not for the valid purposes intended by the legislature, but as a trap for unwary cocaine addicts. It is regrettable for at least three reasons.
First, it raises serious issues of due process and entrapment. Mr. Stamps had a predisposition to purchase cocaine. I am not suggesting that the police entrapped him into that basic offense. The police, however, enticed him into a location which they hoped would result in an enhanced penalty for this offense. There is nothing in the record to suggest that Mr. Stamps had a predisposition to purchase at that location, or that he had any reason to think that this summer evening transaction impacted on school activities.[2] If there is a concept of entrapment for an enhanced penalty, it should apply to this case. Due process demands fundamental fairness from law enforcement, and such fairness seems lacking in this undercover operation.
Second, this sting operation does not appear to be an expenditure of tax dollars in accordance with the policies established by the legislature. It seems obvious that the legislature intends the minimum mandatory sentence to apply to those drug users *1035 and sellers who place our school children at risk. With the money that has been spent prosecuting this man under the school rule, hiring a surveyor as an expert witness, and paying for Mr. Stamps' room and board in a state prison, the state could have provided drug rehabilitation for several drug abusers.
Finally, the people who live in Polk County should understand that other criminals must be released from prison early, or never go to prison at all, because Mr. Stamps and the other people caught in similar sting operations are using prison space. Prison space has become one of Florida's most precious limited resources and it must be wisely used. When police and prosecutors send first-offender drug abusers like Mr. Stamps to jail, there is less room in prison for thieves and burglars and other criminals who victimize the public.

ON MOTION FOR REHEARING
PER CURIAM.
The appellee's motion for rehearing is hereby denied.
LEHAN, A.C.J., and PARKER, J., concur.
ALTENBERND, J., concurs specially with opinion.
ALTENBERND, Judge, specially concurring.
I concur in the order to deny the state's motion for rehearing, but admit that a statement in my special concurrence is incorrect. I suggested that the trial court had the authority to grant Mr. Stamps' motion for posttrial release pending appeal in this case. If Mr. Stamps had been convicted of simple purchase of cocaine, as our opinion now requires, that statement would be true. Because the state believed the sting operation was within 1000 feet of a school that was closed for the summer, Mr. Stamps' offense was elevated to a first-degree felony for which section 903.133, Florida Statutes (1991), specifically forbids bail on appeal. If a person commits attempted second-degree murder with a firearm, he or she is eligible for posttrial release pending appeal, Roberts v. State, 599 So.2d 751 (Fla. 4th DCA 1992), but not so if the police sell that same person cocaine on a summer evening near a closed school building. I cannot follow the logic in this, but the trial court was obliged to follow it because it is the law.
NOTES
[1] Sentencing occurred prior to the supreme court's decision in Scates v. State, 603 So.2d 504 (Fla. 1992), which now gives the trial court some discretion concerning the minimum mandatory.
[2] A sting operation under the school rule does not necessarily constitute entrapment. State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989), aff'd, 558 So.2d 1 (Fla. 1990). In Burch, however, the sting operation passed the first prong of the test enunciated in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), because it was undertaken in response to a high volume of drug trade near the school. There is nothing in the record to suggest that the police designed this sting operation, given its date and time, in a good faith effort to curb drug activity which presented a risk for school children.