COMMONWEALTH *vs.* PETER D. JOHNSON.

No. 00-P-1462.

Plymouth. December 17, 2001. - February 8, 2002.

Present: GREENBERG, DOERFER, & COHEN, JJ.

*Controlled Substances. Practice, Criminal,* Instructions to jury.

At a criminal trial, there was sufficient evidence to warrant the denial of the defendant's motion for a required finding of not guilty as to a charge of distribution of a controlled substance within 1,000 feet of real property comprising a certain school, where the evidence supported an inference beyond a reasonable doubt that property comprising the school was within 1,000 feet of the point of sale [733-735]; further, the judge was not required to charge that the jury had to determine that the school had some property right or interest in the land in question [735-736].

INDICTMENT found and returned in the Superior Court Department on July 14, 1997.

The case was tried before *Charles F. Barrett,* J.

*Robert Shaw, Jr.,* for the defendant.

*Mary E. Lee,* Assistant District Attorney, for the Commonwealth.

DOERFER, J. The defendant was convicted by a jury of distribution of a controlled substance, in violation of G. L. c. 94C, § 32A(c),[1] and distribution of a controlled substance within 1,000 feet of real property comprising the Arnone School in Brockton, in violation of G. L. c. 94C, § 32J (the statute).[2] On appeal he claims there was insufficient evidence to establish the

---

[1]The defendant has raised no issue on appeal regarding this conviction.

[2]General Laws c. 94C, § 32J, as inserted by St. 1989, c. 227, § 2, reads in relevant part, "[A]ny person who violates [certain controlled substances laws] while in or on, or within one thousand feet of the real property comprising a public or private elementary, vocational, or secondary school . . . shall be punished by a term of imprisonment in the state prison for not less than two and one-half nor more than fifteen years or by imprisonment in a jail or

location of the boundary of the real property comprising the school, and thus, his motion for a required finding of not guilty should have been allowed. He makes a related claim that the judge did not properly instruct the jury on this issue.

1. *The evidence.* The evidence showed that, on the night of May 15, 1997, State Trooper Collazo, while working undercover in Brockton, purchased cocaine from the defendant at a location described by the trooper. A measurement of 937 feet was taken from this location to a point described in the evidence as "past a rounded curbstone" that bordered a grassy area of the Arnone School. An employee of the school department, who had worked for that department for approximately twenty-six years, testified to the limits of the school's grounds. He explained that the Arnone School is currently a public elementary school, pointed out the school property on a diagram, and noted that there was a staircase leading from the grassy area to a school doorway.

There was no evidence that the school or school board owned the property to which the police measured. Nor was there any documentary evidence such as a deed or plan to show the boundaries of the parcel of land comprising the school. A measurement from the point of the sale to the cornerstone of the Arnone School building was 1,017 feet.

2. *Denial of motion for required finding of not guilty.* We review the evidence presented at trial to determine whether the evidence permitted persons of ordinary intelligence and sagacity to conclude beyond a reasonable doubt, based on inferences that are not too remote in the usual course of events, that the sale in question occurred at a place described in the statute. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). The defendant first argues that the judge articulated an incorrect standard when ruling on the motion by referring only to whether there was "some evidence" from which the jury "could believe" facts sufficient to "sustain a conviction." But it does not matter whether the judge articulated the proper standard in denying the motion. On appeal we review the evidence according to the appropriate *Latimore* standard. We consider the

house of correction for not less than two nor more than two and one-half years. . . ."

evidence most favorable to the Commonwealth and do not weigh the credibility of the witnesses.

Whether or not there was sufficient evidence that the point to which the measurement was made was at or beyond the border of "real property comprising a . . . school" of the appropriate type depends on an analysis of (1) the definition of that statutory phrase; and (2) the evidence supporting an inference that the terminus fell on or beyond the point so defined.

The defendant argues in substance that, although the identity of the legal entity owning the property need not be shown, there must be some evidence of the legal boundaries of the parcel in question as well as some showing of a legal claim of right to use that parcel for school purposes.

The statute requires only that the land in question be real property "comprising" a school. It says nothing about ownership or claim of right. It is unnecessary to resolve questions about title, leases, licenses, easements and the like. *Commonwealth* v. *Klusman*, 46 Mass. App. Ct. 919, 920 (1999), supports this conclusion.[3] The Commonwealth need not establish that the point in question was on land owned by the school or any particular entity. See *Commonwealth* v. *Klusman*, 46 Mass. App. Ct. at 920. Nor need the point be at or in a school building or structure. See *Klusman, supra*, citing Black's Law Dictionary 287 (6th ed. 1990), defining "comprise" as "to comprehend; include; contain; embrace; cover." It is sufficient to show that the point was on land used for school purposes. See *Klusman, supra* at 920. Stated differently, the Commonwealth need not show the exact point at which the school's

---

[3]As the Supreme Judicial Court did in *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 651 (1992), we turned, in *Commonwealth* v. *Klusman*, 46 Mass. App. Ct. 919, 920 (1999), to a well reasoned decision of the New Jersey Supreme Court to explain the basis of our conclusion. See *State* v. *Ivory*, 124 N.J. 582, 593 (1991). See also *State* v. *Baez*, 238 N.J. Super. 93, 97-98 (1990). "It is obvious to those against whom the statute is directed as well as to those who enforce it that the conduct in question is made criminal [and subject to an enhanced penalty] when it occurs on or within 1,000 feet of property being used for elementary or secondary school purposes. The crime has nothing to do with the nature of the school's or the school board's interest in the property. The manner in which a school board holds title to property used for school purposes is not an element of an offense that is intended to protect school children." *Klusman, supra* (citations omitted).

"boundary" is located, so long as it may reasonably be inferred that the point at which the measurement is taken would fall within that boundary, i.e., that the point is located on property used for school purposes.

The evidence in this case was sufficient to meet the Commonwealth's burden. There was uncontroverted testimony by a school employee of long standing that the grassy area was within such boundaries. Absent evidence to the contrary, it is of no particular concern that the exact location of the boundary was not established by a deed or plan. Nor is it critical that the witness may not have had personal knowledge of the precise, measured boundaries of the school property. It was inferable from the testimony that the witness *did* have personal knowledge that the point at which the measurement was taken was on property used for school purposes. Nothing more was required.

In sum, whatever question there may be regarding the precise limits of the school grounds in this case, the requirement of 1,000 feet would have been satisfied by any other point up to sixty-three feet toward the school building beyond the curb at the edge of the grassy area (which was 937 feet from the point of sale). On the present record, we are satisfied that the evidence supported an inference beyond a reasonable doubt that property comprising the school was within 1,000 feet of the point of sale.

The defendant also contends that the evidence was contradictory and ambiguous as to the point at which the sale took place. But the jury could reasonably believe Trooper Collazo's testimony as to the location of the sale. Any uncertainties or ambiguities created by other evidence were for the jury to assess. Likewise, the fact that there were conflicting measurements to a location on the real property comprising a school did not preclude the jury from assessing and accepting the evidence they found most credible. The jury had sufficient evidence to establish beyond a reasonable doubt the point to which the measurement was made. There was no error in denying the motion for a required finding of not guilty on this point.

3. *Jury instruction on "real property comprising a school."* The judge instructed the jury substantially in conformity with the foregoing legal principles. He told them, in substance, that

they had to find that the transaction occurred within 1,000 feet of the boundaries of the land comprising the school. He was not required to charge, as the defendant now suggests, that the jury had to determine that the school had some property right or interest in the land in question.

*Judgments affirmed.*