### Commonwealth *vs.* John J. Paige.

No. 00-P-1474.

Middlesex. January 15, 2002. - May 24, 2002.

Present: Jacobs, Gillerman, & McHugh, JJ.

*Controlled Substances. "School Zone" Statute. Statute,* Construction.

General Laws c. 94C, § 32J, creating a one thousand foot drug-free safety
zone around a school and enhancing penalties for drug transactions taking
place within the zone, was violated in circumstances in which the bound-
ary line of a public elementary school circumscribed the school building
together with adjacent school land areas, including certain undeveloped
and unused land, that were contiguous and not separated by intervening
land under different jurisdiction, and the proscribed activity occurred
within one thousand feet of such boundary line. [841-845]

Complaint received and sworn to in the Woburn Division of
the District Court Department on August 27, 1999.

The case was heard by *Phyllis J. Broker*, J., and a question of
law was reported by her.

*Eric W. Ruben* for the defendant.

*Joseph P. Lattimore* (*Loretta M. Lillios*, Assistant District At-
torney, with him) for the Commonwealth.

Jacobs, J. At a bench trial in the District Court, the defendant
was found guilty of (1) possession of marijuana with the intent
to distribute same as a second or subsequent offense, G. L.
c. 94C, § 32C (*b*), and (2) possession of drug paraphernalia
with the intent to distribute same, G. L. c. 94C, § 32I. In addi-
tion, the judge determined that both these offenses had occurred
within one thousand feet of a school zone, triggering the
sentence enhancement provisions of c. 94C, § 32J. At the

defendant's request, the judge stayed sentencing and reported the following question to this court:[1]

> "Whether underdeveloped and unused real property owned by an elementary school which is adjacent to the school's developed real property is 'real property comprising a public or private . . . elementary . . . school. . . .' under [G. L. c.] 94C, § 32J ?"[2]

We answer the reported question: "Yes."

The locus of the predicate crimes was the defendant's home in Woburn, which is within one thousand feet of a boundary of an elementary school in the adjacent town of Winchester. The school site includes some twenty-four acres, consisting of an approximately eighteen acre portion containing the school building, a playground, and a soccer field, and the remaining contiguous approximately six acre undeveloped portion consisting entirely of wetland, woodland, and a steep cliff. The defendant argues that the part of the school property within one thousand feet of his residence neither is used nor usable for school purposes and, therefore, is not encompassed by the statute.

In relevant part, G. L. c. 94C, § 32J, as amended by St. 1998, c. 194, § 146, states:

> "Any person who violates [§§ 32, 32A, 32B, 32C, 32D, 32E, 32F, or 32I], while in or on, or within one thousand feet of the real property comprising a public . . . elementary . . . school whether or not in session, . . . shall be punished. . . .
>
> "Lack of knowledge of school boundaries shall not be a

---

[1]The judge reported the question pursuant to Mass.R.Crim.P. 34, 378 Mass. 905 (1979). See Commonwealth v. Davie, 46 Mass. App. Ct. 25, 26 & n. 4 (1998).

[2]In her report of the question the judge stated that the defendant's home in Woburn "is located 1470 feet from the property of the Lynch Elementary School in Winchester," that the "school building, soccer field, and fenced playground are outside a 1000 foot radius" from the defendant's home, that the "undeveloped, unused land adjacent to the playground and soccer field" is within 1,000 feet, and concluded that the undeveloped land is part of "the real property comprising" a public elementary school, "despite its undeveloped nature."

defense to any person who violates the provisions of this section."

The legislative purpose of § 32J is to create a one thousand foot drug-free safety zone around a school and to focus on clearly fixing the location of the proscribed activity. *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 651-652 & n. 7 (1992). "The Legislature has provided such clear direction in § 32J by specifically stating that lack of knowledge of school boundaries is not to be considered an issue in any prosecution under the statute." *Commonwealth* v. *Alvarez*, 413 Mass. 224, 229 (1992). The "[drug] dealer [proceeds] at his peril with respect to the proximity of a school." *Id.* at 230. That the school boundaries are determinative in applying the statute is supported by *Commonwealth* v. *Spano*, 414 Mass. 178 (1993), where the court, at 181, indicated the "method of determining the extent of the school safety zone" is a measurement "in a straight line from the school's *boundary line* to the site of the illegal drug activity" (emphasis supplied).[3] See *Commonwealth* v. *Johnson*, 53 Mass. App. Ct. 732, 735-736 (2002) (not error to instruct jury that in order to convict under § 32J "they had to find that the transaction occurred within 1,000 feet of the boundaries comprising the school"). Compare *State* v. *Peterson*, 490 N.W.2d 53, 54-55 (Iowa 1992) (based on statute similar to § 32J referencing "real property comprising a public . . . elementary . . . school," and concluding that defendant violated the one thousand foot provision of the statute when arrested in parking lot of a lounge, 1,232 feet from the closest corner of school building but approximately 138 feet from nearest point of school land surrounding and contiguous to school buildings).

Accepted definitions of "comprise" are: "to include" and "contain." Webster's Third New International Dictionary p. 467

---

[3] A boundary is defined as "something that indicates or fixes a limit or extent." Webster's Third New International Dictionary p. 260 (1993). Cf. *State* v. *Ivory*, 124 N.J. 582, 598 (1991) ("the protected zone includes all school property, including playgrounds and athletic fields, and extends 1,000 feet in all directions from the outermost boundaries of that property"). See generally Annot., School-Zone Statutes, 27 A.L.R. 5th 593 (1995).

(1993).[4] No argument is made that the developed and used portion of the real property in issue has different or separate legal or jurisdictional status from the undeveloped and unused portion. Nor is there any claim that any portion is not contiguous, not included within, or not contained within the boundaries of the school property.[5]

Section 32J is silent as to considerations such as the effect, if any, of the physical location of a school building or ancillary facilities within the real property. Moreover, the proscription of the statute applies to a school "whether or not in session," making ongoing educational or school related activity an irrelevant consideration. It also is not offensive to the purpose of § 32J that contiguous, undeveloped school land be treated as school

---

[4]The statute does not define "comprise." We therefore give the word its usual and accepted meaning, derived from dictionary definitions, and consistent with the purpose of the statute. *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977). In *Commonwealth* v. *Klusman,* 46 Mass. App. Ct. 919, 920 (1999), the court relied on a definition of "comprise" in Black's Law Dictionary 287 (6th ed. 1990) ("to comprehend; include; contain; embrace; cover"). The current seventh edition omits that definition.

[5]A Winchester town engineer testified to the boundaries of the school property with reference to an assessors' map, admitted as an exhibit. A Woburn engineer testified that he cooperated with Winchester's engineer in the preparation of a map for presentation at the trial from which he measured a distance of 470 feet from a corner of the defendant's property to the nearest school boundary and 1,860 feet from the school building to the defendant's property. This map, admitted as an exhibit, is based on an aerial survey photo, containing street and property boundaries for the areas in question. For a similar presentation of evidence of school boundaries using an aerial survey, see *United States* v. *Campbell,* 935 F.2d 39, 45 (4th Cir.), cert. denied, 502 U.S. 929 (1991) (treating as sufficient for submission to jury evidence based on aerial photograph upon which were drawn "lines calculated at 1,000 feet from the perimeters of the real property of the school buildings"). The case involved the Federal school zone statute, now 21 U.S.C. § 860(a), containing language similar to § 32J, penalizing drug activity "in or on, or within one thousand feet of, the real property comprising a . . . . school." See also Annot., School-yard Statute, 108 A.L.R. Fed. 783 (1992).

While maps used for various municipal purposes, such as assessors' maps, may be used to establish the boundaries of school property for purposes of § 32J, it is irrelevant that such maps may show that the real property surrounding the school building consists of several lots or parcels or similar constituent subareas so long as such lots, parcels, or subareas are contiguous and not separated from each other by any intervening tract not under the control of the local school authority. Cf. *Stamps* v. *State,* 620 So. 2d 1033, 1033 (Fla. Dist. Ct. App. 1993).

"property" under the statute as it may, by its nature, attract the children who attend the school.

The defendant mistakenly relies on language in *Commonwealth* v. *Klusman*, 46 Mass. App. Ct. 919, 920 (1999), quoted from *State* v. *Baez*, 238 N.J. Super. 93, 97 (1990), to argue that the property must be used by the school in order to fall within § 32J. The statute cited in *State* v. *Baez* penalizes the distribution of a controlled substance "while on any school property *used* for school purposes which is *owned* by any elementary or secondary school or school board . . ." (emphasis supplied). *Id.* at 96. By contrast, G. L. c. 94C, § 32J, makes neither use nor ownership[6] an element of what constitutes the real property "comprising" a school. Compare *Commonwealth* v. *Johnson, supra* at 734-735. To make application of § 32J dependent on the particularized use of a specific land area at a given time would introduce an element that not only is vague in its warning and difficult to enforce, but also one not apparent in the words of the statute. "The language of the statute easily permits [our reading], and it is reason for accepting the reading that the defendant's contrary interpretation would create great practical difficulty in the enforcement of the law. We cannot suppose that a Legislature which has successively increased the penalties for trafficking would be content with the defendant's interpretation or its practical result." *Commonwealth* v. *Tata*, 28 Mass. App. Ct. 23, 25 (1989).

Accordingly, when, as here, a boundary line circumscribes a public elementary school building together with adjacent school land areas that are contiguous, and not separated by intervening land under different jurisdiction, we conclude that § 32J is violated where the proscribed activity occurs within one thousand feet of such boundary line, and answer the reported

---

[6]The defendant does not raise any issue concerning ownership of the real property, but the question presented to us includes the phrase "owned by an elementary school." Because § 32J "does not require that 'the real property comprising a . . . school' be owned by the school," *Commonwealth* v. *Klusman, supra* at 920, we do not consider in any way the basis by which the real property in issue falls within the jurisdiction of the school department. We note that in Massachusetts, public property subject to the control of a town or city generally is owned by the municipality and is placed under the jurisdiction, general charge, or superintendence of various municipal departments. See, e.g., G. L. c. 71, § 68.

question: "Yes." We remand the case to the District Court for sentencing.

*So ordered.*