COMMONWEALTH *vs.* MARLIS D. CINTRON.[1] No. 01-P-836. August 29, 2003. *Controlled Substances. "School Zone" Statute. Statute,* Construction.

The defendant appeals from her conviction of distributing heroin within 1,000 feet of a school in violation of G. L. c. 94C, § 32J. She claims the Commonwealth failed to prove the distance element of the crime.

In her oral motion for a required finding of not guilty at the conclusion of the Commonwealth's case, the defendant argued that "the way [proof of the distance] has to be done is to have an engineer and plot plan, . . . or surveyor." As set out in her brief on appeal, she expands considerably on the measurement issue. Indeed, under other circumstances we might consider the argument to have been waived. However, whether or not the defendant brought her present argument to the trial judge's attention, "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice." *Commonwealth* v. *McGovern*, 397 Mass. 863,

---

[1]As is our custom, we spell the defendant's name as it appears in the complaint.

867-868 (1986). We review the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). See *Commonwealth* v. *McGovern, supra* at 868.

There is no dispute that the transaction at issue took place in a second-floor apartment located at 151 Spring Street in Brockton and that the school in question is the Lincoln School, a special needs alternative school in the Brockton school system. Nor apparently is there any dispute that, using a surveyor's wheel and walking the route, a detective measured the distance from the southeast corner of 151 Spring Street to "a curbstone located at the outside perimeter of [a] grassy area surrounding the Lincoln School" as 927 feet. Rather, the defendant claims that the Commonwealth's evidence of distance was insufficient because the detective who made the measurements "never entered [the] apartment [where the transaction took place] and thus did not know whether the actual location of the drug transaction was 20, 30, 40, or even 50 feet towards the rear of the building." The defendant also claims error in the detective's failure to determine whether the curbstone "was actually part of the Lincoln School property."

Taking these arguments in reverse order, "the Commonwealth need not show the exact point at which the school's 'boundary' is located, so long as it may reasonably be inferred that the point at which the measurement is taken would fall within that boundary, i.e., that the point is located on property used for school purposes." *Commonwealth* v. *Johnson*, 53 Mass. App. Ct. 732, 733, 734-735 (2002) (measurement of 937 feet from location of sale to point " 'past a rounded curbstone' that bordered a grassy area" of school sufficient). See *Commonwealth* v. *Klusman*, 46 Mass. App. Ct. 919, 920 (1999). Here, the curbstone was in effect the boundary of the school property. See *Commonwealth* v. *Paige*, 54 Mass. App. Ct. 840, 842 n.3 (2002). On the sidewalk adjacent to the curbstone was a school zone sign. There was no error in the determination of the distance to the school boundary.

As to the location of the transaction, the defendant argues that the word "site" as used in *Commonwealth* v. *Spano*, 414 Mass. 178, 181 (1993), means the precise location in the apartment where the transaction took place. In her reply brief, the defendant cites a then recently decided case, in which the United States Court of Appeals for the First Circuit decided that "[i]n order to convict under [21 U.S.C.] section 860(a) [a statute analogous to G. L. c. 94C, § 32J], the government must prove beyond a reasonable doubt that the distance from a school to the actual site of the transaction, not merely to the curtilage or exterior wall of the structure in which the transaction takes place, is 1,000 feet or less." *United States* v. *Soler*, 275 F.3d 146, 154 (1st Cir.), cert. denied, 535 U.S. 1071 (2002). Relying on *United States* v. *Johnson*, 46 F.3d 1166, 1169-1170 (D.C. Cir. 1995), and *United States* v. *Harrison*, 103 F.3d 986, 990 (D.C. Cir.), cert. denied, 522 U.S. 846 (1997), the First Circuit reversed Soler's conviction because the government presented no evidence of the distance between the base of the building in which the transaction took place and "the third-floor landing on which the heroin was sold." *United States* v. *Soler*, 275 F.3d at 154.

We have found only four cases citing *Soler*. Other than *State* v. *Barnard*, 828 A.2d 216 (Me. 2003), none follows *Soler* on precisely the point at issue here. See, e.g., *United States* v. *Henderson*, 320 F.3d 92, 103 (1st Cir.), cert. denied, 539 U.S. 936 (2003), affirming a conviction for school zone distribu-

tion, and citing *Soler* for the point that "the schoolyard statute envisions straight-line rather than pedestrian-route measurements," where the government introduced a map that provided a detailed illustration of the distances. In *Commonwealth* v. *Williams*, 54 Mass. App. Ct. 236, 247 (2002), we reversed a school zone drug distribution conviction but cited *Soler* only for the proposition that "[t]he Commonwealth is obliged to demonstrate, with at least some degree of precision, that the illegal sale of drugs took place within 1,000 feet of a school." In that case the measurement was to the place of arrest in the same general area as the sale eighteen days before. Compare *Commonwealth* v. *Spano*, 414 Mass. at 181-182, citing authorities in support of straight line measurements.

We are not required to follow *Soler*, however. See Smith, Criminal Practice and Procedure § 10 (2d ed. Supp. 2003). Cf. *Mains* v. *Commonwealth*, 433 Mass. 30, 35 n.7 (2000). Indeed *Soler* conflicts with *Commonwealth* v. *Spano*, *supra* at 181, where the court concluded that, "[a]bsent express provisions in the statute specifying the method of determining the extent of the school safety zone, there is no reason why the measurement should not be in a straight line from the school's boundary line to the site of the illegal drug activity." The approach *Soler* endorses would not result in a straight line measurement. Moreover, the defendant's proposed definition of the word "site" is inconsistent with authoritative dictionaries. See Webster's Third New International Dictionary 2128 (1993) ("site" defined as "the local position of building, town, monument, or similar work"). See also Black's Law Dictionary 1392 (7th ed. 1999) ("site" is a "place or location; esp., a piece of property set aside for a specific use").

If we were to adopt *Soler*, prosecutions under G. L. c. 94C, § 32J, would devolve into measurements requiring complex geometric calculations to take account of both the horizontal and vertical location in a straight line. More important, we doubt that following *Soler*, as the defendant would have us do, is likely to prevent arbitrary and discriminatory enforcement of penal statutes. See *Commonwealth* v. *Spano*, *supra* at 180. Indeed, we think it just as likely to increase arbitrariness in school zone prosecutions. For example, someone engaging in a narcotics transaction in the front room of an apartment could be convicted under the school zone statute, whereas an accomplice might avoid prosecution by conducting her business in a back room, if that room were farther away from the school property. Nor does the *Soler* approach further protect children from "the potential infection of drugs." *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 651 (1992), quoting from *State* v. *Ivory*, 124 N.J. 582, 594-595 (1991). See *Commonwealth* v. *Paige*, 54 Mass. App. Ct. at 844. See also *Commonwealth* v. *Tata*, 28 Mass. App. Ct. 23, 25 (1989). See generally Annot., Validity, Construction, & Application of State Statutes Prohibiting Sale or Possession of Controlled Substances Within Specified Distance of Schools, 27 A.L.R.5th 593 (1995).

In this case, the detective who did the measuring testified that he began his measurements fifteen feet from the front door. Even if the front door was farther away from the school than the southeast corner of the building, it would be 942 feet from the school property (927 feet to the corner of the building plus fifteen feet to the front door). Under the dictionary definitions of the word "site," the front door should suffice. But even if we were to measure the additional horizontal distance to the back of the building, calculated by the

defendant as up to fifty feet, the jury could have found that distance was within 1,000 feet of the Lincoln School. The judgment is therefore affirmed.

*So ordered.*

*Brian J. Kelly* for the defendant.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.