NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-695

COMMONWEALTH

vs.

WILLIAM BENITEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the Superior Court, the defendant was convicted of one count of rape of a child under twelve years old, aggravated by a five-year age difference between the defendant and the victim.[1]  He argues on appeal that the Commonwealth presented insufficient evidence to sustain his conviction, that the trial judge committed various errors during the trial, and that his trial attorney rendered ineffective assistance of counsel.  We affirm.

---

[1] The judge allowed motions for directed findings of not guilty on a second indictment of rape of a child, an indictment of indecent assault and battery, and an indictment of dissemination of matter harmful to a minor.

Background.  The defendant and the victim's mother (mother) married in 2011.[2]  In the summer of 2014, the mother occasionally left the victim in the defendant's care when she was not home. The victim testified that when the defendant cared for her while the victim's mother was not home, he touched her "private part" with "[h]is hand."  The victim -- aged eleven at the time of trial and six at the time of the underlying events -- stated that the defendant touched "the inside" of her body part that she used "to pee."

During cross-examination, the victim struggled to recall details and could not remember how many times the defendant touched her.  Defense counsel asked if "any part of his body [went] inside of [her] private parts," and the victim answered, "No."  During redirect examination, the Commonwealth asked the victim, "You just said that the defendant never went inside your body part, correct?"  The victim responded, "Yes."  The Commonwealth then asked, "Where would he go with his hand?"  The victim answered, "In my private part."

In his finding, the judge explained that the victim's testimony was "credible, consistent and reasonably clear and detailed as to all material elements of the sexual assault she described."  The judge provided "[s]ome allowance" for the fact

_____

[2] The victim is not the defendant's biological child.

that the victim "is a young girl with learning disabilities that are evident, appearing in an unfamiliar courtroom environment, and being asked questions about events occurring five years ago when she was just [six] years old." Therefore, the judge explained that "[o]ne would expect a certain amount of imprecision and failed memory on collateral details, such as dates and the like." The judge reasoned further "that the limitations in the child's memory actually belie the suggestions of coaching and fabrication at the heart of the defendant's [d]efense."

Discussion. 1. Sufficiency of the evidence. In determining the sufficiency of the evidence at trial, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted). Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). See Commonwealth v. Powell, 459 Mass. 572, 578-579 (2011), cert. denied, 565 U.S. 1262 (2012). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713, cert. denied, 573 U.S. 937 (2014).

"To prove the crime of rape of a child in violation G. L. c. 265, § 23, the Commonwealth must prove beyond a reasonable

doubt that the defendant engaged in (1) sexual intercourse or unnatural sexual intercourse with (2) a child under sixteen years of age." Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 533 (2012). The act underlying this case concerns "unnatural sexual intercourse," which involves penetration of one person's bodily orifice, such as the vagina, by means of another person's body part other than a penis, "such as . . . a finger."[3] Commonwealth v. Seesangrit, 99 Mass. App. Ct. 83, 87 (2021). "Furthermore, 'penetration' does not require actual entry into the vagina; . . . '[t]ouching . . . of the vulva or labia . . . is intrusion enough.'" Id., quoting Commonwealth v. Donlan, 436 Mass. 329, 336 (2002).

Viewed in the light most favorable to the Commonwealth, the victim's trial testimony was sufficient to sustain the defendant's conviction. The victim testified that the defendant touched her "private part" with "[h]is hand," an act that constitutes penetration by means other than the penis. See Seesangrit, 99 Mass. App. Ct. at 87.[4] Where the Commonwealth's case focuses on the victim's testimony, "extrinsic, or forensic

---

[3] Because the defendant does not contest the age of the victim, we analyze only the sufficiency of the evidence as to whether the defendant engaged in unnatural sexual intercourse.

[4] Although the defendant argues that one of the victim's other answers contradicted this, we agree with the judge's reading of the testimony that there was no necessary contradiction.

4

evidence, or expert or third-party witness testimony, is [not] required to support a conviction of rape or sexual assault." Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021). Therefore, "the victim's testimony, as credited by the [judge] and evidenced by [his finding], suffices to support the defendant's conviction[]" because "[t]he sworn testimony of the victim of a sexual assault, including rape, is evidence of the facts asserted." Id.

The defendant's sufficiency argument relies on an attack on the victim's credibility. However, in reviewing the sufficiency of the evidence, we "do not weigh the credibility of the witnesses," because "[w]e consider the evidence most favorable to the Commonwealth." Commonwealth v. Johnson, 53 Mass. App. Ct. 732, 733-734 (2002). Further, we cannot "substitute our judgment for that of the judge on credibility questions." Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012). Therefore, we conclude that the evidence presented at trial was sufficient to sustain the defendant's conviction.

2. Competency. The defendant contends that the trial judge failed to "adequately vet" the victim for competency before her testimony. Because the defendant did not challenge the victim's competency at trial, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. McGann,

5

484 Mass. 312, 322 (2020). We are not persuaded that such risk is posed here.

"Any person of sufficient understanding, although a party, may testify in any proceeding, civil or criminal." G. L. c. 233, § 20. Witness competency is governed by a two-prong test:

> "(1) whether the witness has the general ability or capacity to 'observe, remember, and give expression to that which she ha[s] seen, heard, or experienced'; and (2) whether she has 'understanding sufficient to comprehend the difference between truth and falsehood, the wickedness of the latter and the obligation and duty to tell the truth, and, in a general way, belief that failure to perform the obligation will result in punishment'" (citation omitted).

Commonwealth v. Thibeault, 77 Mass. App Ct. 419, 423-424 (2010). In reviewing a trial judge's determination of the competency of a child witness, "[i]t is seldom that the discretion of the trial judge can be revised," because the printed record cannot reproduce the child's appearance and manner, which are characteristics central to the competency inquiry (citation omitted). Id. at 424. "The determination of competency is peculiarly in the province of the judge." Commonwealth v. Brusgulis, 398 Mass. 325, 329 (1986), quoting Commonwealth v. Widrick, 392 Mass. 884, 888 (1984).

Here, the defendant seizes on the fact that the victim raised the wrong hand while taking the oath, arguing that the victim's supposed failure to follow a basic instruction

6

undermines her competency.  However, the record suggests that the clerk was speaking quickly as the victim asked the clerk to repeat her instruction, and the judge asked the clerk to speak slower.  The defense also raises other inconsistencies in the victim's testimony, discussed supra, but those inconsistencies are not relevant to the competency inquiry where the judge found the victim's testimony "compelling and entirely believable" and "not impeached in any meaningful way."[5]

3. Testimony about the victim's learning disability.  The defendant contends that the mother's testimony about the victim's "unidentified" learning disability was error.  We disagree.

"A defendant cannot challenge the admission of such testimony on appeal when he was the one to elicit it at trial."

---

[5] In his reply brief, the defendant asserts that Commonwealth v. Lamontagne, 42 Mass. App. Ct. 213, 217 (1997), imposes an independent duty on the trial judge to conduct a competency hearing, sua sponte, when testimonial inconsistencies raise doubts about the competency of a given witness.  "We need not pass on grounds for reversal raised for the first time in a reply brief."  Commonwealth v. McGowan, 400 Mass. 385, 390 n.4 (1987).  Nevertheless, the defendant's assertion misrepresents the language of Lamontagne, supra, which merely permits rather than requires a judge to conduct a competency inquiry sua sponte.  See id. ("Although as matter of law a trial judge is not mandated to conduct a voir dire on competency in the absence of an objection, there is nothing to prevent him from doing so sua sponte as matter of discretion where doubt as to competency exists upon seeing and hearing the witness testify").

7

Commonwealth v. Aspen, 53 Mass. App. Ct. 259, 265 (2001). Once the defendant elicits a certain inference on cross-examination, "the Commonwealth [is] entitled to rebut the inference . . . by briefly eliciting other details" about it on recross-examination. Id. at 266.

Here, on cross-examination, the defendant asked the mother about the victim's "difficulties" in school, eliciting testimony from the mother that the victim had repeated the first grade. On redirect examination, the Commonwealth asked the mother about the "issues" the victim had in school, eliciting testimony from the mother that the victim had a "series of learning disabilities" that had "never been identified." Because the defense introduced the testimony, the Commonwealth was entitled to elicit other details about the victim's issues in school. See Aspen, 53 Mass. App. Ct. at 266.

4. The sexual assault nurse examiner (SANE) testimony. The defendant contends that the prosecutor improperly elicited opinion testimony from the SANE in violation of a pretrial ruling precluding such testimony, which created a substantial risk of a miscarriage of justice. This claim is unavailing.

In a jury-waived trial, "[w]e presume . . . judges will have correctly instructed [themselves] as to the manner in which evidence was to be considered in [their] role as factfinder"

8

(quotation and citation omitted).  <u>Commonwealth</u> v. <u>Garvey</u>, 99 Mass. App. Ct. 139, 143 (2021).

Before trial, the judge allowed the defendant's motion in limine to prohibit the SANE, who examined the victim in 2017, from testifying to her opinion that a normal result does not foreclose the possibility that a sexual assault occurred. Despite the judge's ruling, the witness twice testified to her opinion during direct examination.  The defense failed to object the first time she gave her opinion.  In the second instance, the defense objected, and the judge sustained the objection.[6]

Where the defendant objected, we review for prejudicial error and inquire "whether there is a reasonable possibility that the error might have contributed" to the judge's finding (citation omitted).  <u>Commonwealth</u> v. <u>Henley</u>, 488 Mass. 95, 127 (2021).

The defendant fails to demonstrate any prejudice from the SANE's testimony.  The judge did not refer to her testimony in rendering his finding, where he credited the victim's testimony and found it "compelling" and "consistent."  Because nothing in

_____

[6] On cross-examination, the defendant asked the witness if she agreed the examination revealed a normal result.  Because the defendant elicited the improper testimony, we do not consider that instance.  <u>Commonwealth</u> v. <u>Elder</u>, 389 Mass. 743, 754 (1983) ("Since the defendant elicited the statement on cross-examination, he cannot now complain of its prejudicial effect").

the record shows that the judge relied on the improper testimony, we conclude the admission of the testimony did not prejudice the defendant.  See Commonwealth v. Healey, 452 Mass. 510, 514 (2008) (no prejudice in admission of improper evidence where trial judge assumed to correctly instruct himself on law).

5.  Ineffective assistance of counsel.  The defendant contends that trial counsel was ineffective because of his failure to challenge the victim's competency and his failure to "object to, or seek to exploit in any way," the mother's testimony about the victim's learning disabilities.  We are not persuaded.

To sustain a claim of ineffective assistance of counsel, the defendant must show that "behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer . . . likely deprived the defendant of an otherwise available, substantial ground of [defense]." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial."  Commonwealth v. Zinser, 446 Mass. 807, 810 (2006).  "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with

10

hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). Therefore, a "claim of ineffective assistance may be resolved on direct appeal of the defendant's conviction [only] when the factual basis of the claim appears indisputably on the trial record." Zinser, supra at 811. "A tactical decision by trial counsel is considered ineffective assistance only if such a decision was manifestly unreasonable when made." Commonwealth v. Diaz, 448 Mass. 286, 288 (2007).

The defendant raises his ineffective assistance claim based solely on the trial record and without any explanation by trial counsel for his actions and trial strategy. Here, on the record before us, we conclude that the defendant has failed to establish that trial counsel's tactical decisions were

manifestly unreasonable and that none of the claimed failures by counsel was likely to have influenced the judge's decision.[7]

Judgment affirmed.

By the Court (Rubin, Neyman & Tan, JJ.[8]),

*Paul Little*

Clerk

Entered:  July 28, 2025.

---

[7] We note that the judge entered directed findings on three of the four indictments, making it "difficult to find that the admission of the evidence caused prejudice." Commonwealth v. Sosnowski, 43 Mass. App. Ct. 367, 372 (1997).

[8] The panelists are listed in order of seniority.